Filed 4/24/15  P. v. Jaimes CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN JAIMES,<br><br>    Defendant and Appellant. | F068161<br><br>(Super. Ct. No. 11CM7119)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

John Hardesty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Poochigian, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

On February 5, 2013, a second amended information was filed against codefendants Julio Perez, Ramon Reyes, and Juan Jaimes.[1] The defendants were charged with attempting to deter three different correctional officers. Three counts of attempting to deter an executive officer were alleged as to each officer. (Pen. Code, § 69, subd. (a); counts 1 [Officer Rocha], 2 [Officer Ramirez], & 3 [Officer Garcia].)[2] The information alleged one count of battery of a correctional officer (§ 4501.5, count 4 [Officer Ramirez]). The information alleged that Jaimes had two prior serious felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)). The jury acquitted all three defendants of count 4, found them guilty of counts 1 and 2, and found them guilty of the lesser included offense of misdemeanor resisting arrest (§ 148, subd. (a)(1)) in count 3. The jury found the strike allegations against Jaimes to be true.

At the sentencing hearing, on May 22, 2013, the trial court took the matter of Jaimes's request to strike one of the prior serious felony allegations, pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, under submission and sentencing was continued.

On August 21, 2013, the trial court denied Jaimes's request to strike one of the prior serious felony convictions, rejecting Jaimes's argument that because both prior convictions were based on the same criminal act and involved a single victim, both counts could not be used as separate strike allegations. Instead of having a single prior serious felony conviction, the trial court found Jaimes had two prior serious felony convictions.

---

[1] Perez and Reyes have filed a separate appeal in case No. F067515.

[2] Undesignated statutory references are to the Penal Code.

Jaimes was sentenced to a term of 25 years to life on count 1 and to a concurrent term of 25 years to life on count 2. Both sentences were ordered to be served consecutive to the term he was already serving. On appeal, Jaimes contends the trial court erred in sentencing him based on two prior strike allegations because they were part of the same course of conduct and involved a single victim. In *People v. Vargas* (2014) 59 Cal.4th 635, 640-649 (*Vargas*), the California Supreme Court recently held that a trial court erred in failing to strike one of two strikes that were based on the same criminal act and involved a single victim. In accordance with *Vargas*, we reverse appellant's sentence and remand for a new sentencing hearing.

### FACTS

*Current Offense*

During the evening of December 23, 2009, Corcoran State Prison Correctional Officers Anthony Rocha and Michael Ramirez were working as floor officers conducting cell searches. The officers searched the cell of defendants Jaimes and Perez, cell 113, and the defendants proceeded to the day room. When the officers reached the cell of inmate Paraza, cell 104, they had the cell unlocked. Paraza was inside the cell. The officers told Paraza that one of them was going to first conduct a patdown search of him.

Paraza, who was now just outside of his cell, said, "No."[3] Paraza started to walk back into his cell, but Officer Ramirez was standing in the doorway. Because the officers were present to conduct a search of the cell, Officer Ramirez put his hand out to block Paraza. Paraza grabbed Officer Ramirez's jumpsuit, at the chest, with both hands. Officer Rocha grabbed Paraza's left hand, or arm, and held Paraza by the wrist. When Officer Ramirez began using pepper spray on Paraza, Paraza punched Officer Rocha in

---

[3]     Officer Rocha thought Paraza said, "No, I am good with that."

the left eye.[4] Paraza then started attacking Officer Ramirez, swinging wildly with both fists.

As soon as Officer Rocha was punched, he activated his personal alarm device. When activated, the alarm makes noise and sends a signal to officers in central control. Officer Rocha wanted to enter the cell to assist Officer Ramirez, but could not because there were five inmates coming toward him rather than lying down prone on their stomachs. Officer Phillip Garcia yelled at the advancing inmates to get down and fired several nonlethal 40-millimeter rounds at the approaching inmates. Officer Rocha was never able to enter the cell to assist his partner.

Jaimes, Perez, and Reyes were three of the approaching inmates. Jaimes was leading Perez and Reyes. After the first shot was fired, the inmates initially got on their stomachs in a prone position. Officer Rocha estimated they were about 100 feet away from his position. The inmates got up from their prone position two more times, and continued to advance on Officer Rocha before they stopped and remained in a prone position. The inmates were coming from different directions and had Officer Rocha surrounded. When the five inmates stopped their advance, they were within 20 feet of Officer Rocha.[5]

### Prior Offense

Jaimes filed a motion inviting the trial court to strike one of his prior serious felony convictions pursuant to *Romero*. According to the first amended information and abstract of judgment from Jaimes's prior convictions, which were added as exhibits to his motion, Jaimes was charged with and convicted of one count of attempted murder

---

[4] Officer Ramirez recalled that it was after Paraza punched Officer Rocha that he used pepper spray on Paraza's face.

[5] The fight between Officer Ramirez and Paraza lasted for some time. During the altercation, Paraza threw something into the toilet. Officer Ramirez eventually got Paraza into physical restraints. Paraza told Officer Ramirez that he had "klavo" on him, a slang term for drugs.

4

(§§ 664 & 187, subd. (a)) and one count of assault with a deadly weapon, to wit, a knife (§ 245, subd. (a)(1)). Both counts were alleged against the same victim and were based on the same criminal act. No other victim was named in the first amended information.[6]

During the sentencing hearing, the trial court and prosecutor agreed that Jaimes's prior convictions were based on a single act. Nevertheless, the trial court found Jaimes's conduct more criminally culpable and used both prior convictions for attempted murder and assault with a deadly weapon as strikes, leading to concurrent sentences of 25 years to life on counts 1 and 2.

## SENTENCING ERROR

Jaimes contends the trial court erred in denying his request to strike one of his prior serious felony convictions because both prior serious felony convictions were based on a single act against a single victim. In July 2014, the California Supreme Court held in *Vargas*, *supra*, 59 Cal.4th at pages 640-649 that when a defendant has been convicted of committing a single criminal act on a single victim that results in two felony convictions under different statutes, the trial court abuses its sentencing discretion if it fails to strike one of the two convictions. The *Vargas* court reasoned that when the offender commits but a single act, he or she does not pose a greater risk to society merely because the Legislature has chosen to criminalize the act in different ways. (*Id*. at p. 646.)

---

[6]     In response to Jaimes's request to strike one of his prior convictions, the prosecutor also included a copy of the first amended information and our appellate opinion in case No. F044030, affirming Jaimes's convictions. According to the factual summary of our opinion, Jaimes engaged in mutual combat with Samuel Vega. Vega left the scene with Reynaldo Mendez in a car driven by Mendez's wife. Jaimes and his compatriots followed in their own vehicle. Eventually, while the Mendez car was stopped at a light, Jaimes ran over to the Mendez car and plunged a knife into Reynaldo Mendez's chest through an open window. Jaimes did not assault or attack any other occupant of the Mendez car.

We are bound by the decisions of our Supreme Court.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  Jaimes's two prior serious felony convictions were based on a single criminal act on a single victim that led to convictions for both attempted murder and assault with a deadly weapon.  We find the trial court erred in the instant action when it failed to strike one of Jaimes's prior serious felony convictions based on the same incident and used both felony convictions as strikes to impose concurrent sentences of 25 years to life on counts 1 and 2.  Accordingly, we reverse the trial court's sentence.

## DISPOSITION

Jaimes's convictions and the true findings by the jury of the prior serious felony convictions are affirmed.  The trial court's sentence is vacated and the case is remanded for resentencing consistent with *People v. Vargas* (2014) 59 Cal.4th 635.